UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY V. REMMERT, et al., <br><br>Plaintiffs, <br><br>v. <br><br>JOSH STAUFFER, et al., <br><br>Defendants. | Case No. 19-cv-05803-HSG <br><br>**ORDER OF DISMISSAL** |

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 1983 against San Mateo County Deputy District Attorney Josh Stauffer and Deputy Public Guardian Vanessa Osuna. Dkt. No. 1. For the reasons set forth below, this action is DISMISSED with prejudice as barred by a 2011 vexatious litigant order.

**DISCUSSION**

**I.  Plaintiff's Litigation History**

Plaintiff is no stranger to this Court. Most recently, the Court dismissed the complaint in C No. 18-cv-2154 HSG, *Remmert v. Karesh* ("*Remmert I*"), on the grounds that the complaint's allegations were legally untenable, frivolous, irrational, wholly incredible and based on fantastic and delusional scenarios, and violated the vexatious litigant order to which plaintiff was subject. *See* Order of Dismissal, C No. 18-cv-2154 HSG, *Remmert v. Karesh*, docketed at Dkt. No. 34 (Mar. 14, 2019) ("*Remmert I* Dismissal"). The *Remmert I* Dismissal detailed plaintiff's extensive history with this Court and the allegations made in that and prior actions:

> Plaintiff alleges that she has suffered greatly due to a conspiracy that started in 1970 and continues to this day. She alleges that family members, government officials, state court judges, state agency officials, medical personnel, and violent gangs have conspired to deprive, or have deprived, Plaintiff, her mother Julia C. Venoya, and her daughter Eva Al-Zaghari of real estate and other assets. Plaintiff alleges that the co-conspirators

orchestrated the following events in order to achieve their objective: caused Julia to suffer battery and in-home invasions, to be subjected to radioactive iodine treatment, to be kidnapped, to be falsely diagnosed with schizophrenia, and to contract cancer symptoms; the deaths of the family members who were in line to inherit from Patricia King, Julia's sister; a home invasion in 1990 targeting Eva and resulting in Eva being gang-raped and having her eggs extracted; Eva's marriage to Hisham Al-Zaghari; Hisham's efforts to destabilize Plaintiff's family at the direction of Israeli agents; Hisham causing Eva to develop diabetes; the theft of Eva's child by social workers; Eva and Julia's commitment to institutional care facilities; Plaintiff being convinced of misdemeanor counts related to her efforts to release Eva and Julia from institutional care; and restraining orders issued against Plaintiff that prevent her from contacting Eva. *See* Dkt. No. 1 at 5–22.

Plaintiff has filed numerous actions in the Northern District of California related to these alleged events. *See, e.g., Al-Zaghari, et al. v. Breese*, C No. 3:01-cv-01154-CRB; *Venoya v. Remmert*, C No. 4:06-cv-06709-CW; *Venoya v. Remmert, et al.*, C No. 4:07-mc-80117-CW; *People of the State of California v. Remmert*, C No. 4:07-mc-80155-CW; *Al-Zaghari, et al. v. Bresee*, C No. 3:01-cv-01154-CRB; *Remmert v. Pfeiffer*, C No. 3:07-cv-00824-CRB; *Remmert v. Pfeiffer*, 3:07-cv-00825-CRB; *Remmert v. Munks, et al.*, C No. 3:07-cv-03825-CRB; *Remmert v. Munks et al.*, C No. 3:07-cv-03826-CRB; *Remmert, et al. v. Sanchez, et al.*, 3:07-cv-03827-CRB; *Remmert v. Sanchez, et al.*, 3:07-cv-03828-CRB; *Remmert v. Lee, et al.*, No. 3:17-cv-03856-CRB. In 2001, Chief Judge Marilyn Hall Patel deemed Plaintiff a vexatious litigant and barred Plaintiff from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding *inter alia* Eva's conservatorship, the restraining order barring Plaintiff from contacting Eva, custody of Eva's son (Plaintiff's minor grandson), or the state court proceedings related to these issues. *See Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming district court order denying Plaintiff leave to file complaint pursuant to vexatious litigant order). In 2013, the United States Supreme Court found that Plaintiff had repeatedly abused the Supreme Court's process, and directed future petitions filed by Plaintiff in noncriminal matters not be accepted unless the filing was in the appropriate format and accompanied by the requisite filing fee. *Remmert v. San Mateo Cty. Public Guardian*, 134 S. Ct. 190 (2013).

*Remmert I* Dismissal at 3-4 (citing to docket entries in *Remmert I*).

## II. Complaint

Plaintiff brings this action on behalf of herself and her daughter Eva D. Al-Zaghari, whom Remmert identifies as a nominal plaintiff. The complaint names San Mateo County Deputy District Attorney Josh Stauffer and Deputy Public Guardian Vanessa Osuna as defendants. She names as interested parties, Judge George A. Miriam, Judge Quentin Kopp, and President Donald Trump.

The complaint alleges that there is an ongoing conspiracy between private individuals, state court judges, and state agency personnel to enslave plaintiff and her daughter Eva. The conspiracy has been furthered by the issuance of restraining orders preventing plaintiff from

contacting Eva and the grant of a conservatorship of Eva.[1]

The complaint sets forth five causes of action. First, plaintiff alleges that Judges Kopp and Miriam, Deputy District Attorney Stauffer, and Deputy Public Guardian Osuna contributed to the enslavement of plaintiff and Eva, in violation of the Thirteenth Amendment, by acting as "agents for the cause" to seize plaintiff and Eva's property for wrongful control and to silence their complaints. Second, plaintiff alleges that, in 2004 through 2008, Judge Kopp tried to extort her for a marriage with his friend psychiatrist Harry Verby during the hearings for Case No. CIV 438208 in order to keep plaintiff, Eva, and Case No. CIV 438208 hostage to the judges' plan. Third, plaintiff alleges that on April 14, 2005, March 21, 2016, and April 11, 2016, Judge Miriam held hearings without providing notice to either plaintiff or Eva, which deprived plaintiff of a probate hearing and violated probate rules, in violation of the Fourteenth Amendment. Fourth, plaintiff alleges that Deputy District Attorney Stauffer committed fraud on the court and obstructed justice when he withheld exonerating documents in Case No. SM340531A, thereby defaming plaintiff's character and Eva's capacity, and causing years of turmoil for plaintiff's family. Fifth, plaintiff alleges that Deputy Public Guardian Osuna committed fraud when she presented, without conducting an investigation, written and verbal testimony supporting her claim that plaintiff abused Eva and when Osuna stated that plaintiff wanted to help Eva escape again. Dkt. No. 1 at 12-13.

As relief in this action, Plaintiff seeks the voiding of the reports certifying Eva's conservatorship which she claims defamed her and Eva; the voiding of the probate court orders that authorized the conservatorship and issued the restraining orders; Eva's release, and monetary damages. Dkt. No. 1 at 14.

### III. Barred by Vexatious Litigation Order

This complaint is barred by Judge Patel's 2011 vexatious litigant order. As explained *supra*, plaintiff is barred from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding *inter alia* Eva's conservatorship, the restraining order barring plaintiff

---

[1] Plaintiff alleges that additional acts were taken in furtherance of the conspiracy. *See generally* Dkt. No. 1 at 3-8. The Court does not detail these allegations here.

from contacting Eva, or the state court proceedings related to these issues. *See Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming district court order denying plaintiff leave to file complaint pursuant to vexatious litigant order). Because the instant action concerns, and seeks relief related to, Eva's conservatorship, the restraining orders against plaintiff, and the related court proceedings, the instant action is barred by the 2011 vexatious litigant order.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice as barred by the vexatious litigant order. Any pending motions are DENIED as moot. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: 11/13/2019

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge